UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Tiffany McCleery, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-549 |
| | ) |
| New World Collections, Inc., and | ) |
| Bleecker Brody & Andrews, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendants to enforce her rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendants are debt collectors. While acting as debt collectors, Defendants attempted to collect a consumer debt from Plaintiff. In so doing, Defendants violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendants conduct business in this District and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Tiffany McCleery (hereinafter referred to as "McCleery") is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the

Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt.

5. Defendant New World Collections, Inc. (hereinafter referred to as "NWC") is an Indiana corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. NWC is a debt collector and regularly attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, NWC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from McCleery.

6. NWC is authorized to conduct business in Indiana and maintains a registered agent in Indiana.

7. NWC acts as a collection agency as that term is defined in I.C. 25-11-1-1(b).

8. Defendant Bleecker Brody & Andrews ("Bleecker") is an Indiana law firm that acts as a debt collector as defined by § 1692a of the FDCPA because it regularly collects, or attempts to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Bleecker was acting as a debt collector as to the debt it attempted to collect from McCleery.

**FACTUAL ALLEGATIONS**

9. McCleery incurred a debt that was primarily for personal, family, or household purposed as defined by §1692a(5).

10. The debt owed by McCleery went into default.

11. After the debt went into default, the debt was placed with or otherwise transferred to Defendants for collection.

12. McCleery disputes the debt.

13. On March 30, 2022, NWC filed a collection action in the Hancock County Circuit Court under cause number 30C01-2203-CC-0404.

14. According to the lawsuit, McCleery is indebted to NWC in the sum of $5,136.84 for services rendered by the original creditor through May 4, 2018.

15. On or about April 29, 2022, McCleery contacted Bleecker and spoke with an attorney there regarding the debt.

16. McCleery advised Bleecker that the debt had been paid.

17. Payments totaling $5,136 were made by McCleery's mother on July 9, 2018, August 13, 2018, and September 17, 2018.

18. McCleery provided Bleecker with copies of transaction receipts showing the approved payments for the entire amount of the debt. Copies of the transaction receipts are attached as Exhibit "A".

19. After receiving the transaction receipts, Bleecker informed McCleery that the case would be dismissed.

20. Despite having notice that the debt was paid and having informed her that the case would be dismissed, Bleecker then contacted McCleery and informed her that they needed additional information from her to prove the debt was paid. McCleery was also informed that such information had to be provided no later than May 10, 2022 or a Motion for Default Judgment would be filed against her.

21. As a result of Defendants' actions, McCleery has been forced to defend the ongoing state court lawsuit.

22. As a result of Defendants' actions, McCleery has suffered an injury-in-fact.

23. Violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which could be a factor in the consumer's decision- making process, are material. *See, Lox. v.CDA,* 689 F.3d 818, 827 (7th Cir. 2012). In this matter, Defendants' actions caused McCleery to question whether she should pay the debt, even though she had produced evidence showing the debt had already been paid, which caused stress and confusion as to whether she was required to pay the debt at issue.

24. Defendants' collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27F.3d 1254, 1257 (7th Cir. 1994).

**VIOLATION OF § 1692e OF THE FDCPA -
FALSE OR MISLEADING REPRESENTATIONS**

25. Plaintiff adopts and realleges Paragraphs 1 – 24.

26. § 1692e of the FDCPA prohibits debt collectors from using false representations and means to collect a debt. *See*, 15 U.S.C. § 1692e.

27. By attempting to collect a debt that was previously paid, Defendants misrepresented the character, amount and/or legal status of the debt in violation § 1692e of the FDCPA.

28. Defendants' violation of §1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

**VIOLATION OF § 1692f OF THE FDCPA -
UNFAIR PRACTICES**

29. Plaintiff adopts and realleges Paragraphs 1 – 28.

30. § 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

31.     By attempting to collect a debt that was previously paid, Defendants violated § 1692f of the FDCPA.

32.     Defendants' violations of §1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tiffany McCleery, respectfully requests the Court find that the Defendants violated the FDCPA and enter judgment against Defendants New World Collections, Inc. and Bleecker, Brody & Andrews for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

Thomas G. Bradburn (15377-49)
Bradburn Law Firm
PO Box 1386
Noblesville, Indiana 46061
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com